United States District Court
Southern District of Texas
**ENTERED**
October 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS LEE HOLLIMAN, JR., (TDCJ # 02245752) | § § § | |
| Petitioner, | § § | |
| vs. | § | CIVIL ACTION NO. H-23-950 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Curtis Lee Holliman, Jr., (TDCJ #02245752), is a state inmate in the custody of the Texas Department of Criminal Justice. Representing himself, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction and sentence for murder. (Docket Entry No. 1). The respondent answered and provided copies of the state-court records. (Docket Entry Nos. 8, 9). Holliman did not file a reply, and the time to do so has now expired. After considering Holliman's petition, the answer, the record, and the law, the court dismisses the petition as untimely filed. The reasons are explained below.

**I.   Background**

In January 2019, the 178th District Court in Harris County, Texas, sentenced Holliman to 40 years in prison after a jury found him guilty of murder with a deadly weapon. (Cause No. 1615491, Docket Entry No. 9-25, pp. 84-85). The First Court of Appeals affirmed Holliman's conviction and sentence. *See Holliman v. State*, No. 01-19-00076-CR, 2020 WL 5948851 (Tex. App.—Houston [1st Dist.] Oct. 8, 2020, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals refused Holliman's petition for discretionary review in February

2021. (Dkt. 9-22). The United States Supreme Court denied Holliman's petition for writ of certiorari on October 4, 2021. *See Holliman v. Texas*, 142 S. Ct. 189 (2021).

On September 23, 2022,[1] Holliman filed his application for a state writ of habeas corpus, raising one claim of trial court error, two claims of prosecutorial misconduct, one claim of ineffective assistance of trial counsel, and a claim that he was incompetent at the time of trial. (Docket Entry No. 9-25, pp. 6-24). The state habeas trial court made findings of fact and conclusions of law. (Docket Entry No. 9-26, pp. 3-9). On December 14, 2022, the Court of Criminal Appeals denied Holliman's application without written order. *In re Holliman*, Writ No. 94,380-01 (Tex. Crim. App. Dec. 14, 2022). (Docket Entry No. 9-24).

Three months later, on March 10, 2023, Holliman filed his petition for a federal writ of habeas corpus, asserting the same five claims he had raised in his state habeas application. (Docket Entry No. 1). In responding to the question about the timeliness of his petition, Holliman states that he believes he has timely filed his petition, but he also asserts that he was denied access to his legal paperwork for a period after he was transferred to a new TDCJ unit. (*Id.* at 9). He asks the court to have mercy on him and consider his petition even if it was filed late. (*Id.*).

The respondent seeks dismissal, asserting that Holliman's petition was not timely filed and that he was not entitled to equitable tolling based on TDCJ's security protocols surrounding inmate

---

[1]Holliman signed his state habeas application on September 6, 2022, but he did not certify the date on which he placed it in the prison mail system for mailing so as to take advantage of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). (Docket Entry No. 9-25, p. 21). The envelope received by the Harris County District Clerk was postmarked September 23, 2022. (*Id.* at 4). Under these circumstances, the court will use the postmark date as the relevant date. *See, e.g.*, *Henderson v. Davis*, No. 3:15-cv-2343-D(BH), 2017 WL 1476301, at *3 n.3 (N.D. Tex. Mar. 15, 2017) (petition deemed filed on postmark date because prisoner did not state when she placed it in the prison mail system for purposes of the mailbox rule); *accord United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019) (prisoner "cannot benefit from the prison 'mailbox rule' in the absence of evidence to establish when the pleading was handed to prison officials.").

transfers. (Docket Entry No. 8). The respondent provided state-court records in support of the request for dismissal. (Docket Entry No. 9). Holliman did not file a reply, and his time to do so has now expired.

## II.     Discussion

### A.     The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), which controls a district court's review of a federal habeas petition, contains a one-year limitations period which runs from the latest of four dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is an affirmative defense, *see Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), which the respondent raised in his answer.

Holliman's time to file his federal habeas petition began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The pleadings and record show that Holliman's judgment became final for purposes of federal habeas review on October 4, 2021, when the United States Supreme Court denied his petition for certiorari. *See Gonzalez v. Thaler*, 565 U.S. 134, 150

(2012) (for a state habeas petitioner who seeks review of his state-court judgment in the Supreme Court, the conviction becomes final when the Supreme Court denies a petition for certiorari). The deadline for Holliman to file a timely federal habeas petition challenging his judgment was one year later, on October 4, 2022. Holliman's federal petition, filed March 10, 2023, is time-barred unless he shows that a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending extends the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000). Holliman filed his application for a state writ of habeas corpus on September 23, 2022. (Docket Entry No. 9-25, p. 4). The Court of Criminal Appeals denied the application on December 14, 2022. (Docket Entry No. 9-24). This entitles Holliman to 82 days of statutory tolling, extending his deadline to seek federal habeas review until December 27, 2022.[2] Holliman's March 2023 federal petition was filed almost three months after that extended deadline expired. His claims are time-barred unless another basis for extension applies.

Holliman has not alleged facts to show that any of the other statutory exceptions to the limitations period apply. Holliman has not alleged facts showing that any unconstitutional state action prevented him from filing his federal habeas petition before the expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). He has not alleged facts showing that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged facts showing that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Having not alleged a statutory basis to

---

[2] The 82nd day was Sunday, December 25, 2022. Under Federal Rule of Civil Procedure 6(a)(1), when the last day of a period in which to act falls on a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday. Monday, December 26, 2022, was a legal holiday. Therefore, Holliman's deadline to file was extended until Tuesday, December 27, 2022.

4

avoid the effect of the limitations period, Holliman's petition is time-barred unless an equitable exception to the limitations period applies.

**B.     Equitable Tolling**

In his petition, Holliman seems to ask the court to equitably toll the limitations period because he was denied access to his legal materials for a period of time after he was transferred to a new TDCJ unit. (Docket Entry No. 1, p. 9). Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling applies, at the district court's discretion, only "in rare and exceptional circumstances"). A "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002). Neither does an unawareness of the law, lack of knowledge of filing deadlines, status as a self-represented litigant, or lack of legal training. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). The petitioner has the burden of establishing that equitable tolling is warranted. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

Holliman appears to assert that TDCJ security protocols relating to inmate transfers that were put in place after an inmate escape constitute an extraordinary circumstance that prevented him from timely filing his federal petition. (Docket Entry No. 1, p. 9). Under certain circumstances, the lack of access to legal materials may constitute an extraordinary circumstance warranting equitable tolling. *See, e.g., Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (suggesting that the combination of "forced confinement and medication, no access to legal materials, and the temporary loss of one's glasses" might have prevented the self-represented petitioner from pursuing his legal rights). But standard restrictions on access to legal materials will not justify equitable tolling because those restrictions "amount to no more than the routine incidents and circumstances of prison life." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727 (E.D. Va. 2009) (transfers to different correctional facilities "do not rise to the level of extraordinary circumstances" because the "petitioner [was] aware of such restrictions on prison life, and should be expected to consider such factors when deciding when to file his habeas petition."); *see also Felder,* 204 F.3d at 171-72 (temporary denial of access to legal materials and the inadequacies of a prison law library are insufficient to warrant equitable tolling); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004), *aff'd*, 545 U.S. 353 (2005) (refusing to apply equitable tolling to a § 2255 petition because the petitioner "d[id] not suggest, let alone argue . . . that the transfer of a prisoner from one facility to another is anything but a routine practice"). To be entitled to equitable tolling, the petitioner must allege specific facts showing how the lack of access to his legal materials prevented him from filing his state or federal habeas applications. *See Allen*, 602 F. Supp. 2d at 729 ("[A]lthough petitioner alleges that he was without access to his legal papers for some period of time, he fails to indicate when he received his documents following his transfer,

how long he was without these documents, and how exactly his lack of access to these materials impacted his ability to file timely his federal habeas application.").

In addressing the timeliness question, Holliman alleges that he was denied access to his legal materials for an unspecified period due to the TDCJ's security protocols for inmates transferred from one unit to another. Unit transfers are a routine part of prison life and do not constitute an extraordinary circumstance that would warrant equitable tolling. In addition, Holliman provides no information about how long he was denied access to his legal materials or how his lack of access affected his ability to file either his state habeas application or his federal petition. Holliman does not show that TDCJ's routine restrictions on his access to his legal materials during his unit transfer actually prevented him from filing either petition.

In addition, even if the court were to conclude that the restrictions on Holliman's access to his legal materials were an external extraordinary circumstance—a finding the court does not make—Holliman does not allege facts showing that he diligently pursued his rights. "What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019). The record shows that Holliman waited a full twelve months after the Supreme Court denied his petition for certiorari before filing his state habeas application. He waited an additional three months after his state habeas application was denied before filing his federal habeas petition. Equitable tolling is not intended to benefit those who sleep on their rights, *see Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012), and these long periods of unexplained inactivity indicate a lack of due diligence.

Because Holliman has not shown that he diligently pursued his state and federal habeas rights but was prevented from timely filing his petition by external extraordinary circumstances,

7

he is not entitled to equitable tolling of the limitations period. His petition is untimely and is dismissed, with prejudice.

### III. Certificate of Appealability

Holliman has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

After carefully considering the record, the court concludes that jurists of reason would conclude without debate that the procedural rulings in this case are correct. There are no grounds to issue a certificate of appealability.

## IV. Conclusion

Holliman's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice as barred by limitations. Any other pending motions are denied as moot. A certificate of appealability is denied. Final judgment is separately entered.

SIGNED on October 10, 2023, at Houston, Texas.

Lee H. Rosenthal
United States District Judge